**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

NOV 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  DAVID ANDREW CROW; RENEE TOINETTE CROW, <br><br> Debtors, <br><br> ------------------------------- <br><br> DAVID ANDREW CROW; RENEE TOINETTE CROW, <br><br> Appellants, <br><br> v. <br><br> EDWARD JOHN MANEY, Chapter 13 Trustee, <br><br> Appellee. | No.   20-60012 <br><br> BAP No. 18-1323 <br><br> MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Spraker, Faris, and Brand, Bankruptcy Judges, Presiding

Submitted November 16, 2020**
Phoenix, Arizona

Before:  BYBEE, MURGUIA, and BADE, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

David Crow and Renee Crow (the "Crows") appeal from the Bankruptcy Appellate Panel for the Ninth Circuit's ("BAP") decision affirming the bankruptcy court's Chapter 13 confirmation order. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review the BAP's decision de novo. *In re Scovis*, 249 F.3d 975, 980 (9th Cir. 2001). We affirm.

1.      The Crows argue that the bankruptcy court erroneously struck a footnote in their proposed order confirming their Chapter 13 plan, which asserted that the Trustee unilaterally modifying their Chapter 13 plan's monthly payments would violate the Thirteenth Amendment of the United States Constitution and amount to involuntary servitude. But the Crows did not need to preserve that Thirteenth Amendment argument in a footnote because the Crows may still raise that argument if the Trustee attempts to modify their Chapter 13 plan's monthly payments in the future. *See* 11 U.S.C. § 1329(b)(2) (providing a debtor with a hearing if a trustee seeks to modify the debtor's Chapter 13 plan). The bankruptcy court had broad authority to strike the Crows' unnecessary footnote. *See* 11 U.S.C. § 105(a) (stating that a bankruptcy court may issue any order necessary to carry out the Bankruptcy Code and no provision "shall be construed to preclude the court from, sua sponte, taking any action" necessary to implement court orders).

2.      The Crows argue that the bankruptcy court denied them due process because it struck their footnote without providing notice or a hearing. The Ninth

Circuit rejects due process claims when the alleged absence of due process was harmless. *See, e.g.*, *In re Rosson*, 545 F.3d 764, 776–77 (9th Cir. 2008); *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 959–60 (9th Cir. 1994). Because the Crows did not need to preserve their Thirteenth Amendment argument in a footnote, the Crows did not suffer any harm when the bankruptcy court struck that footnote. Because the Crows did not suffer any harm, their due process argument fails.

3. Finally, the Crows point out that the bankruptcy court's confirmation order required them to provide federal and state income tax returns to "assist the Trustee in determining any change in [the Crows'] annual disposable income." The Crows contend that requirement cannot be squared with *In re Anderson*, 21 F.3d 355, 358 (9th Cir. 1994) (stating that a trustee may not demand authority to unilaterally modify a debtor's Chapter 13 plan as a condition for confirmation of the plan). But the Crows failed to properly raise the *Anderson* argument in the bankruptcy court. This Court "will not take up an issue not properly raised below unless necessary to prevent manifest injustice." *L.A. News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998) (citation omitted). The Crows fail to show any manifest injustice if we decline to consider the *Anderson* argument. Accordingly, we decline to consider that argument.

**AFFIRMED**